# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Paducah Division

| | |
|---|---|
| Craig Rogers<br>    *Plaintiff*<br>v.<br><br>Ally Financial, Inc.<br>    *Defendant*<br>Serve:<br>    CT Corporation System<br>    306 W. Main Street, Suite 512<br>    Frankfort, KY 40601 | Case No.  `5:16-cv-80-GNS` |

## COMPLAINT and DEMAND FOR JURY TRIAL

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2.     Defendant Ally Financial, Inc. ("Ally") violated the FCRA by failing to conduct a reasonable investigation of Mr. Rogers' dispute concerning false negative credit information Ally furnished to one or more consumer reporting agencies concerning Mr. Rogers and a debt that had been paid in full.

### JURISDICTION

3.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### PARTIES

4.     Craig Rogers is a natural person and resident of Graves County, Kentucky.  Mr. Rogers is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.      Ally Financial, Inc. ("Ally") is a Delaware corporation which has registered with the Kentucky Secretary of State. Ally's business includes, *inter alia*, providing financing for consumers for the purchase of motor vehicles. Ally's principal place of business is located at 200

Renaissance Center, Detroit, MI 48265. Ally is a "furnisher" of credit information within the meaning of the FCRA.

## Statement of Facts

6.     In August of 2015, Plaintiff Craig Rogers ("Rogers") refinanced an auto loan extended to him by Defendant Ally Financial, Inc. ("Ally") with another lender in order to avail himself of improved loan terms.

7.     As a result of the refinancing transaction, the Ally loan was paid in full.

8.     On February 10, 2016, Mr. Rogers obtained copies of his consumer credit report from consumer reporting agencies ("CRA's") Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

9.     Mr. Rogers's February 10 Equifax and Trans Union credit reports contained negative credit information about Mr. Rogers furnished by Ally to Equifax and Trans Union reporting the Ally account as still open and claiming an unpaid balance due and owing of $309, with a past-due balance of $308 as 90 days delinquent.

10.     Mr. Rogers sent dispute letters to the three major CRA's, Equifax, Trans Union, and Experian Information Solutions, Inc. ("Experian"), disputing the false negative information supplied concerning him and the Ally loan and reiterating that the Ally loan had been paid in full by another lender as the result of a refinance transaction.

11.     Equifax, Experian, and Trans Union notified Ally of Mr. Rogers's dispute, which triggered Ally's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

12.     Ally failed to conduct a reasonable investigation into Mr. Rogers's dispute concerning the negative credit information Ally furnished concerning Mr. Rogers and the Ally loan and erroneously verified as accurate the false, negative, credit information it had previously reported to Equifax, Experian, and Trans Union.

13.     As a result of Ally's failure to conduct a reasonable investigation of Mr. Rogers's dispute, Ally continued to furnish false negative credit information to Equifax, Experian, and Trans Union concerning Mr. Rogers and the Ally loan.

14.     On February 21, 2016, Ally sent a letter to undersigned counsel specifically requesting that he (a) confirm his representation of Mr. Rogers, and (b) furnish Ally with a statement of Mr. Rogers's position regarding the Ally loan.

15.     On March 16, 2016, undersigned counsel on behalf of Mr. Rogers responded directly to Ally's correspondence concerning Mr. Rogers's dispute of the false negative credit information Ally furnished to the CRA's concerning Mr. Rogers and the Ally loan.

16.     Ally did not respond directly to undersigned counsel's March 16 correspondence, but instead merely began to send billing statements for the alleged past due amount on the Ally loan to undersigned counsel instead of to Mr. Rogers.

17.     At no time subsequent to his initial dispute of the information Ally was furnishing to the CRA's concerning him and the Ally loan did Mr. Rogers pay any money to Ally.

18.     At no time subsequent to undersigned counsel's March 16 correspondence did Mr. Rogers or undersigned counsel communicate with Ally concerning the Ally loan.

19.     On May 11, 2016, Ally sent correspondence to Mr. Rogers, in care of his undersigned counsel, advising him that it now deemed the Ally loan paid in full. A copy of the May 11 letter is attached hereto as Exhibit "A."

20.     Ally's failure to conduct a reasonable investigation of his dispute of the information it was supplying to the CRA's concerning him and the Ally loan, and to correct and update Mr. Rogers's consumer credit report, has adversely affected Mr. Rogers by allowing false, negative credit information to appear on his consumer credit report, which adversely impacts Mr. Rogers's creditworthiness and credit score.

21.     Ally violated the FCRA by failing to conduct a reasonable investigation of Mr. Rogers's dispute after receiving notice of Mr. Rogers's dispute from one or more consumer reporting agencies.

## Claims for Relief

22.     The foregoing acts and omissions of Ally Financial, Inc. ("Ally") constitute violations of the FCRA. Ally's violations include, but are not limited to:

### i.     Violations of 15 U.S.C. § 1681n

23.     After being informed by one or more consumer reporting agencies that Mr. Rogers disputed the accuracy of the information it was providing concerning Mr. Rogers, Ally willfully failed to conduct a proper investigation of Mr. Rogers's disputes, filed with one or more consumer reporting agencies, that Ally was furnishing false negative credit information about Mr. Rogers and the Ally loan, which Mr. Rogers did not in fact owe.

24.     Ally willfully failed to review all relevant information purportedly provided by

one or more consumer reporting agencies to Ally in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

25.     Ally willfully failed to direct the consumer reporting agencies to delete inaccurate information about Mr. Rogers pertaining to the Ally loan as required by 15 U.S.C. § 1681s-2(b)(C).

26.     Mr. Rogers has a private right of action to assert claims against Ally arising under 15 U.S.C. § 1681s-2(b).

27.     Ally is liable to Mr. Rogers for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii.     Violation of 15 U.S.C. § 1681o

28.     After being informed by one or more consumer reporting agencies that Mr. Rogers disputed the accuracy of the information it was providing concerning Mr. Rogers and the Ally loan, Ally negligently failed to conduct a proper investigation of Mr. Rogers's disputes, filed with one or more consumer reporting agencies, that Ally was furnishing false negative credit information about Mr. Rogers and the Ally loan, which Mr. Rogers did not in fact owe.

29.     Ally negligently failed to review all relevant information purportedly provided by one or more consumer reporting agencies to Ally in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

30.     Ally negligently failed to direct one or more consumer reporting agencies to delete inaccurate information about Mr. Rogers pertaining to the Ally loan as required by 15 U.S.C. § 1681s-2(b)(C).

31.     Mr. Rogers has a private right of action to assert claims against Ally arising under 15 U.S.C. § 1681s-2(b).

32.     Ally is liable to Mr. Rogers for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Craig Rogers requests that the Court grant him the following relief:

1.      Award the maximum amount of statutory damages against Defendant under 15 U.S.C. §1681n;

2.      Award Plaintiff Attorney's fees, litigation expenses and costs;

3.      Award Plaintiff actual damages under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4       Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5.      A trial by jury; and

6.      Any other relief to which Plaintiffs may be entitled.


Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com